IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN LOZANO, individually and on behalf of those similarly situated to him, <br><br> Plaintiffs, <br><br> v. <br><br> ASSOCIATED SPACE DESIGN, INC. <br><br> Defendant. | CIVIL ACTION FILE NO. <br> _____ <br><br> JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Juan Lozano, on behalf of himself and all others similarly situated ("Plaintiff Lozano" or "Plaintiffs"), hereby files this complaint against Defendant Associated Space Design, Inc. ("Defendant" or "ASD") for damages and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## THE PARTIES

**1.**

Plaintiff Lozano is a former employee of Defendant.

**2.**

Defendant is a domestic for-profit corporation doing business in Atlanta, Georgia. Defendant is engaged in interstate commerce and upon information and belief, has annual sales made or business done in excess of $500,000. At all relevant

times, Defendant is, and has been an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(d). Moreover, Plaintiff and those similarly situated to him were engaged in work constituting engagement in interstate commerce or work relating thereto.

## JURISDICTION AND VENUE

**3.**

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

**4.**

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because Defendant resides at 55 Ivan Allen Jr. Blvd, Suite 100, Atlanta, GA 30308. Defendant's registered agent is Deborah S. Hooper and is located at the same address.

## STATEMENT OF FACTS

**5.**

Plaintiffs were hourly employees employed as landscaping workers at various intervals over the past three years.

**6.**

Defendant required Plaintiffs to work hours in excess of 40 hours in certain workweeks.

7.

Plaintiff Lozano was compensated by the hour at a rate of $20 per hour. Plaintiffs Vidales and Lorenzo were compensated at a rate of $15 per hour. None of the Plaintiffs, however, were compensated at a higher rate for hours worked in excess of 40 in any given week.

## COUNT I
## PLAINTIFFS' OVERTIME CLAIM

8.

Plaintiffs incorporate by reference Paragraphs 1 through 7 as if fully set forth herein.

9.

The FLSA requires that employers shall not employ employees "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 USCS § 207 (a) (1).

10.

At all times within three years of the filing of this Complaint, Defendant willfully refused to properly compensate Plaintiff Lozano and similarly situated current and former hourly ASD employees for overtime.

**11.**

Plaintiff Lozano and the similarly situated individuals were never compensated for their overtime hours at the rate required by the FLSA.

**12.**

Plaintiff Lozano files this action on behalf of him and others similarly situated. The proposed FLSA Overtime Collective Action is defined as follows:

> All persons who worked in an hourly position for Defendant who were not paid all overtime for hours worked over 40 in a workweek.

**13.**

Defendants willfully engaged in a pattern of violating the FLSA within the meaning of 29 U.S.C. § 255.

**14.**

Notice should be sent to the FLSA collective members not already named herein. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

**15.**

Plaintiff and the collective seek back pay, liquidated damages, interest and attorneys' fees and costs incurred in connection with this claim.

**WHEREFORE** Plaintiff and the collective respectfully request judgment in its favor on each count in this Complaint and demands:

1. A Jury Trial;

2. Judgment in Plaintiff's and the Collective's favor and against Defendant under all claims in this Complaint;

3. Designation of this action as a collective action on behalf of the proposed class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the classes apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

4. Order Defendant's to make whole Plaintiff and the collective by providing them with out-of-pocket losses as well as back pay in an amount equal to the sum of wages, salary, employment benefits and other compensation denied or lost as a result of Defendant's unlawful acts, together with interest thereon, all in an amount to be proven at trial;

5. Statutory damages and penalties under the FLSA;

6. Grant Plaintiffs liquidated damages for Defendant's willful and intentional violations;

7. Grant Plaintiffs their reasonable attorney's fees and all other fees and costs associated with this action;

8. Prejudgment interest; and

9. Such other and further relief as is just and proper.

This 10th day of May, 2021.

                                     */s/ James M. McCabe*
                                     James M. McCabe
                                     Georgia Bar No. 724618
                                     Graham White
                                     Georgia Bar No. 535538
                                     The McCabe Law Firm, LLC
                                     3355 Lenox Road
                                     Suite 750
                                     Atlanta, GA  30326
                                     Office: (404) 250-3233
                                     Fax: (404) 400-1724
                                     jim@mccabe-lawfirm.com

                                     Attorney for Plaintiff and Those
                                     Similarly Situated